Warren Williams v. Bush Mullins.

Appeal.—When, pending an appeal by one of the contestants for administration under the probate law of 1870, one of the parties dies, the appeal abates. (Paschal's Dig., art. 6463.)

Appeal from Smith. Tried below before the Hon. Z. Norton.

*Jones & Henry,* for appellant.

*Robertson & Herndon,* for appellee.

Roberts, Chief Justice.—This is an appeal from the District Court upon a contest for the administration of an estate, instituted under the probate law of 1870, in which it was adjudged to appellee, Bush Mullins, from which the appellant, Warren Williams, prosecuted an appeal to the Supreme Court. During the pendency of the appeal the death of Warren Williams has been suggested, which, having been entered of record at a previous term, has been acquiesced in as an undisputed fact. It is argued by counsel for Mullins that, as Warren Williams died after instituting the appeal, and as the right to the administration is a cause of action that does not survive, the appeal should abate, under article 6463 of Paschal's Digest, which provides that an appeal or writ of error shall not abate by the death of a party to it: "provided, however, this act shall not apply to any suit or action in which the cause of ac-

tion does not survive in favor of or against the legal representatives of a deceased person."

On the part of the counsel who represented the appellant, Warren Williams, it is argued that the appeal should not abate by reason of his death, but should be proceeded with as other cases, either with or without making parties, as the court may determine: because, if this court should reverse the judgment, the legal representatives of Warren Williams would have a right to recover from Bush the fees which he has received, as acting administrator, under article 5520 of Paschal's Digest, which provides that, " if, on appeal, the decision be that the person appealing was entitled in preference to the party appointed, he shall recover from the latter and his sureties, after citation in the District Court, all the fees which the latter may have received as executor or administrator."

This provision for the recovery of the fees is predicated upon the fact, certainly implied though not expressed, that the appellant who obtains a decision in his favor shall thereafter give bond, take the oath required by law, and assume the administration of the estate, which he might or might not do at his option, and which, of course, he could not do if he died before any decision were made.

The provision for the recovery of the fees is dependent upon a contingency, the happening of which his death prevents. Any other construction would offer a premium for a contestation by one who did not want and would not take the responsibility and labor of the administration, but who would be willing to receive the compensation given by law that had been earned by the labor and responsibility of another.

In reference to the law above quoted in relation to the abatement of suits in this court the inquiry is, what is the cause of action in this suit? It is his right to the administration, founded on the facts of his relationship to the deceased and his unexceptionable capacity personally to

perform the duties of administrator. Such a right cannot survive and inure to his legal representatives. The fees are not in issue in the contest for the administration, and are only incidental to his full consummation of the right. A judgment of this court in favor of his right to the administration would be simply nugatory.

We are of opinion, therefore, that the appeal should abate by the death of the appellant. There can be no judgment rendered here for the cost of this court against the appellant, who is dead, nor against his legal representatives, who are not parties to the record·

Inasmuch, then, as a necessary party has ceased to exist, and the cause of action prosecuted by him in this court by appeal does not survive to his legal representatives there is no longer either competent parties litigant, or a subject matter of litigation, before this court for its adjudication, further than to adjudge that the appeal is abated and dismissed from the docket of this court, which is accordingly done.

APPEAL ABATED AND DISMISSED.